**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0735-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DARRYL DAVIS,

     Defendant-Appellant.

_____

Submitted February 14, 2022 – Decided February 23, 2020

Before Judges Fasciale and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 07-10-3549.

Joseph E. Krakora, Public Defender, attorney for appellant (David A. Gies, Designated Counsel, on the briefs).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from a March 31, 2020 order entered on remand denying his petition for post-conviction relief (PCR). Defendant maintains that his trial counsel rendered ineffective assistance of counsel. The PCR judge conducted an evidentiary hearing,[1] entered the order under review, and rendered a lengthy written decision.

On appeal, defendant argues:

> POINT ONE
>
> THE ABSENCE OF A FORMAL PLEA OFFER DOES NOT EXCUSE DEFENSE COUNSEL FROM ADVISING DEFENDANT TO FOREGO PLEA NEGOTIATIONS BASED SOLELY ON AN UNSUBSTANTIATED RELIANCE UPON DEFENDANT'S ASSERTION THAT HE WAS NOT GUILTY.
>
> POINT TWO
>
> DEFENDANT'S ASSERTION THAT HE WAS NOT GUILTY IS NOT EQUIVALENT TO AN ASSERTION THAT HE WOULD LIE UNDER OATH TO PLEAD GUILTY.

---

[1] The evidentiary hearing addressed defendant's petition for PCR as well as co-defendant's PCR petition. The PCR judge took testimony from the trial assistant prosecutor, defendant and his trial counsel, and co-defendant and his trial counsel.

A-0735-20

In his pro se brief, defendant raises the following additional points, which we have renumbered:

POINT [THREE]

THE PCR [JUDGE] ERRED WHEN [HE] CONCLUDED THAT THE PERFORMANCE OF DEFENDANT'S TRIAL ATTORNEY WAS NOT DEFICIENT WHERE HE DID NOT REVIEW WITH . . . DEFENDANT THE STRENGTHS AND WEAKNESS OF THE CASE BEFORE . . . DEFENDANT FORMALLY REJECTED THE PLEA OFFER.

POINT [FOUR]

[THE] PCR [JUDGE] ERRED WHEN [HE] RULED THAT DEFENDANT WAS NOT PREJUDICED WHERE, IN ADDITION TO A MORE SEVERE PRISON TERM BEING IMPOSED AFTER A TRIAL AT WHICH HE WAS FOUND GUILTY, IT APPEARS . . . DEFENDANT WANTED TO AMICABLY RESOLVE THIS MATTER PRIOR TO TRIAL BY PLEADING GUILTY TO A LESSER TERM.

We disagree with these contentions and affirm substantially for the reasons expressed by the PCR judge. We add these remarks.

Our standard of review is well-settled. When a PCR judge holds an evidentiary hearing—like here—we defer to the judge's factual findings "when supported by adequate, substantial and credible evidence." State v. Harris,

3

A-0735-20

181 N.J. 391, 415 (2004) (quoting Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

The PCR judge found credible the assistant prosecutor and co-defendant's trial counsel, who corroborated that the State did not make either defendant an offer to plead guilty. The PCR judge explained that the documentary evidence—the pre-trial memoranda—corroborated that no offer was made. He rejected testimony from defendant's trial counsel that a few days before the trial, it is possible that the State may have given defendant the opportunity to plead guilty. The PCR judge found that such testimony about a possible plea offer "strains credulity." He also found that defendant's testimony, which "parroted" co-defendant's testimony, was "questionable" and that defendants had the opportunity to collaborate about their testimony before the evidentiary hearing.

Importantly, if there had been an offer (which is not the case), the PCR judge found that defendant "sidestepped" answering whether he would have pled guilty if given the opportunity to do so. According to the PCR judge, defendant's unwillingness to "give a forthright" answer is consistent with defendant's position that he was not guilty. The PCR judge characterized defendant's testimony as evasive and pointed out in his written opinion that "even at the time of the evidentiary hearing, [defendant] did not express his willingness to say he

4

killed the two male victims" and that he was unwilling to "inculpate his co-defendant in the crime."

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. Thus, we consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. Having done so, defendant is unable to demonstrate the first prong of the Strickland test.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

A-0735-20

sufficient to undermine confidence in the outcome."  Id. at 694.  "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated."  Fritz, 105 N.J. at 58.  In the context of plea offers, "a defendant must show the outcome of the plea process would have been different with competent advice."  Lafler v. Cooper, 566 U.S. 156, 163 (2012).  He fails to meet the second prong as well.

As to defendant's contentions on appeal, he must "do more than make bald assertions that he was denied the effective assistance of counsel."  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  It is settled that a defendant bears the burden of establishing a prima facie claim of ineffective assistance of counsel.  State v. Gaitan, 209 N.J. 339, 350 (2012).  Here, on this record, defendant cannot establish such a prima facie claim because his arguments also amount to bald assertions.

To the extent we have not addressed defendant's arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6